UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**CHARITY ALEXANDER,**
55 NE Robin Way
Gresham, OR 97030

    Plaintiff,

              Case No. 22-CV-1273

 vs.

**STANDARD INSURANCE COMPANY,**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

    Defendant.

## COMPLAINT

The Plaintiff, Charity Alexander, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Oregon and currently resides in Gresham, Oregon.

2. At the time of Plaintiff's application for benefits with Defendant and the denial of the same, she was an adult resident of the State of Wisconsin and resided in Waukesha, Wisconsin.

3. Defendant, Standard Insurance Company, on information and belief is a corporation organized under the laws of Oregon, licensed to do business in Wisconsin.

4. On information and belief, Defendant administers and insures a long-term disability insurance plan for LTF Club Management Company, LLC (d/b/a Life Time, Inc.) ("the Plan"), an employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least September 1, 2013 and continues to the present time.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9. Plaintiff is a former Personal Trainer for Life Time, Inc..

2

10. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") coverage provided by the Plan.

11. Plaintiff ceased working on or about December 21, 2020 due to Post-Traumatic Stress Disorder.

12. Plaintiff's LTDI benefit is worth approximately $2,162.51 per month.

13. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

14. Defendant was responsible for paying Plaintiff's LTDI benefits.

15. Plaintiff should have transitioned from receiving short-term disability insurance ("STDI") benefits to receiving LTDI benefits effective February 26, 2021.

16. Defendant denied Plaintiff's LTDI benefits claim in its entirely.

17. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

18. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

19. Plaintiff submitted all information requested by the Defendant.

20. Defendant failed to consider the issues raised in Plaintiff's appeal.

21. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

22. Defendant ignored Plaintiff's treating providers' opinions which addressed the question of whether or not her condition was pre-existing.

23. Defendant did not perform a "full and fair review" of Plaintiff's claim.

24. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

25. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

26. Defendant failed to engage in a meaningful dialogue with Plaintiff.

27. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

28. Defendant conducted a selective review of Plaintiff's medical records.

29. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

30. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

31. At all times material to this case, the Plan has remained in full force and effect.

32. Defendant's denial of Plaintiff's claim LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

33. The preceding paragraphs are reincorporated by reference as though set forth here in full.

34. Plaintiff has been and remains disabled, as that term is defined by the Plan.

35. The disability upon which the Plaintiff's claim is based is not due to a pre-existing condition, as that term is defined in the Plan.

36. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is a deferential standard of review as the Plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

37. Defendant arbitrarily, capriciously, and unreasonably denied Plaintiff benefits.

38. Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

39. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plans from one case to the next.

40. As both the payer of claims and the adjudicator of LTDI claim eligibility, Defendant has an inherent conflict of interest.

41. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

42. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

5

**WHEREFORE** the Plaintiff, Charity Alexander, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: October 27, 2022.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Charity Alexander*

By: */s/ Jessa L. Victor*
Jessa L. Victor, WI State Bar No. 1099144
Email: jvictor@hq-law.com
Brook E. Tylka, WI State Bar No. 1126886
Email: btylka@hq-law.com
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236